IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| GARRICK MCKINNEY III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00100-DLH-CRH |
| | ) |
| STAGE 3 SEPARATION, LLC, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

This Order (the "Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure.

1.   This Order applies to any document produced in this litigation that contains or constitutes confidential and/or proprietary information, such as personal income information; personal financial information; personal tax information; personal medical information, invoices; confidential business information; and other sensitive data and information that is not generally available in the public domain ("Confidential Material"). Subject to otherwise proper objections, the Parties will produce such documents in accordance with this Order.

2.   Either party may mark a document produced as "Confidential" if it deems the document Confidential Material, and any such designation may later be objected to by either party, following the procedure outlined below. In addition, third parties to this litigation, such as recipients of subpoenas under Federal Rule of Civil Procedure 45 may produce documents subject to this Order.

3.   Neither party is obligated to challenge the designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any

information as "Confidential," the parties shall first try to resolve such dispute in good faith, by exchanging written letters on the matter. If the dispute cannot be resolved, the challenging party shall move the Court for an order changing the confidential status of such information. The information shall be treated as Confidential Material until such time as the Court rules on the motion.

4. Confidential Material shall be disclosed only to (a) the Parties; (b) the Parties' counsel of record in this litigation (including secretarial, clerical, and paralegal employees of such counsel); (c) any expert witnesses retained by the Parties' counsel for purposes of this litigation and who have a need to know said Confidential Material in order to assist counsel in this litigation; (d) a potential witness whose deposition is being taken, provided that witness either has personal knowledge as to the substance of the Confidential Material (and provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in the documents), or is a designated corporate representative witness; and (e) court personnel, including court reporters and deposition transcript reporters.

5. Any person to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed, shall first be required to agree in writing to be bound by the terms of this Order, in the form attached to this Order as Exhibit "A", with the exception of the Parties, the Parties' counsel of record in this litigation, and court personnel. For each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Order, such information may be used only for purposes of litigation in the above-captioned case and may not be used for any other purpose or litigation, unless approved by an order from this Court.

6. Deposition testimony may be designated as Confidential Material by so advising

the court reporter. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the cover page of such transcript as Confidential.

7. Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity that obtained Confidential Material shall assemble it and return it to the party that produced it, or destroy it and certify in writing to the opposing parties, or the third-party which produced such material, that the Confidential Material has been destroyed. However, materials constituting work product of counsel of record may be retained by counsel. No originals, copies, summaries, or other embodiment of Confidential Material shall be retained by any person or entity to whom disclosure was made.

8. If a party wishes to file a document that has been marked as Confidential Material with the Court, the party shall comply with the applicable rules and procedures for filing under seal, including obtaining prior approval from the Court where required. The party shall also provide a copy of the Confidential Material to the opposing party. In the alternative, if the party that wishes to file the document is the same party that first deemed the document Confidential Material, then the party may de-designate the document by filing it with the Court. Unless the Court orders otherwise for compelling reasons, the official transcript of proceedings in open court will not be sealed.

9. Inadvertent failure to designate any material as Confidential Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Party to appropriately mark such material in accordance with this Order.

10. The inadvertent or mistaken production of material subject to a claim of attorney-

client, work product, or other privilege or protection shall not be deemed a waiver of a claim of privilege. A Producing Party that mistakenly or inadvertently produces material subject to any claim of privilege or protection from discovery may, promptly upon discovery of such disclosure, request that the Receiving Party return it.  The Receiving Party shall use its best efforts to return all copies thereof within three (3) business days after the request is received and the Producing Party serves on the receiving party a privilege log that lists the items to be returned in a manner and with sufficient detail to comply with applicable law.  The Receiving Party shall use its best efforts to destroy or redact any notes or summaries referring or relating to the privileged information in any such material.

11. Nothing in this Order shall waive or modify any past, present, or future duty regarding confidentiality, if any, which may arise independently, whether by contract or otherwise.

12. Nothing in this Agreed Protective Order shall constitute a waiver of the attorney-client privilege or attorney work-product protection, or otherwise limit any Party in its objection to the scope of discovery or to any particular discovery request in this litigation.

13. The Parties may, by stipulation, provide for exceptions to this Order and any party may seek an order from this Court modifying this Protective Order.

DATED this 13th day of August, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court